BOWMAN AND BROOKE LLP
Michael J. Hurvitz (SBN: 249050)
Monica Y. Hernandez (SBN: 302509)
750 B Street, Suite 2200
San Diego, CA 92101
Tel No: 619/ 376-2500
Fax No: 619/ 376-2501
michael.hurvitz@bowmanandbrooke.com
monica.hernandez@bowmanandbrooke.com

Attorneys for Defendant
AMERICAN HONDA MOTOR CO., INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENARO URIBE, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC., a California Corporation; and DOES 1 to 10, inclusive,<br><br>　　　　Defendants. | CASE NO.: '20CV1843 BEN KSC<br><br>*(Removed from Imperial County Superior Court Case No. ECU001519)*<br><br>**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1331 FEDERAL QUESTION JURISDICTION** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

Defendant American Honda Motor Co., Inc. ("AHM") hereby removes this case to the United States District Court for the Southern District of California under 28 U.S.C. § 1441 (a), based upon federal question jurisdiction under 28 U.S.C. § 1331. The basis for removal is as follows:

1.　　On July 16, 2019, Plaintiff Genaro Uribe filed an action in the Superior Court of the State of California, County of Imperial, titled <u>Uribe v. American Honda Motor Co., Inc.</u>, Case No. ECU001519, alleging causes of action in relation to Plaintiff's purchase of a new 2018 Honda Accord, VIN

23151426v1

1

AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1331 FEDERAL QUESTION JURISDICTION

1   1HGCV2F373A011893 against AHM. The complaint alleges causes of action for
2   breach of the Song-Beverly Consumer Warranty Act, for violation of Magnuson-
3   Moss Warranty Act, and for violation of the Unfair Competition Law. *See*
4   Declaration of Monica Y. Hernandez ("Hernandez Decl."), at ¶ 2; Ex. A, Pl.'s
5   Complaint.
6       2.   AHM was served with the complaint on August 21, 2020. *See*
7   Hernandez Decl. at ¶ 3; Ex. B, Service of Process of Transmittal.
8       3.   This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331
9   because the third and fourth causes of action arise under the federal Magnuson-
10  Moss Warranty Act, 15 U.S.C. § 2301, et seq., and satisfy the necessary amount in
11  controversy under that statute.

**Federal Question Jurisdiction under 28 U.S.C. §1331**

13      4.   Federal district courts have original jurisdiction in actions "arising
14  under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
15  An action "arises under" federal law under 28 U.S.C. § 1331, if federal law either
16  creates the cause of action or the plaintiff's right to relief necessarily depends on
17  resolution of a substantial question of federal law. *Franchise Tax Board v.*
18  *Construction Laborers Vacation Trust* (1983) 463 U.S. 1, 27-28.
19      5.   This Court has original jurisdiction of because Plaintiff's third and
20  fourth causes of action "arise[] under" a federal statute, i.e., 15 U.S.C. § 2301 *et*
21  *seq*., otherwise known as the Magnuson-Moss Warranty Act.

**Amount in Controversy under 15 U.S.C. § 2310(d)(3)(B)**

23      6.   Section 2310(d)(1)(B) of the Magnuson-Moss Warranty Act states
24  that a consumer who is damaged by a warrantor's failure to comply with a warranty
25  "may bring suit for damages and other legal and equitable relief in an appropriate
26  district court of the United States, subject to paragraph (3) of this subsection."
27  Paragraph (3) goes on to state that "[n]o claim shall be cognizable in a suit brought
28  under paragraph (1)(B) of this subsection … if the amount in controversy is less

23151426v1                           2
AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF REMOVAL TO THE
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
CALIFORNIA UNDER 28 U.S.C. § 1331 FEDERAL QUESTION JURISDICTION

than the sum or value of $50,000.00 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit… ." 15 U.S.C. § 2310(d)(3)(B).

7. This Court has jurisdiction and removal is proper because the amount in controversy exceeds $50,000.00, exclusive of interests and costs.

8. In the Complaint, Plaintiff seeks rescission of the purchase contract, restitution, incidental and consequential damages, actual and statutory damages, prejudgment interest, civil penalty of two times Plaintiff's actual damages, injunctive relief, and attorneys' fees. *See* Hernandez Decl., at ¶ 2; Ex. A at 8:22-7:9.

9. In the Complaint, Plaintiff alleges he has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $42,000 according to proof. *See* Hernandez Decl., at ¶ 2; Ex. A at 6:25-27. At a minimum, therefore, the total amount in controversy currently is $126,000.00. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) [amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount]; *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (N.D. Cal. 2002) [civil penalties under Song-Beverly Consumer Warranty Act are included in determining whether amount in controversy was satisfied as civil penalties under the Act, allowing up to two times the amount of actual damages as well as compensatory damages, are akin to punitive damages.].

10. The amount of damages sought in this case exceeds the $50,000.00 amount in controversy requirement, ignoring other penalties, compensatory damages, and attorney's fees. The amount in controversy is, accordingly, satisfied.

## Supplemental Jurisdiction

11. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

23151426v1                            3
AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF REMOVAL TO THE
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
CALIFORNIA UNDER 28 U.S.C. § 1331 FEDERAL QUESTION JURISDICTION

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction'...." *City of Chicago v. International College of Surgeons* (1997) 522 U.S. 156, 165. Although one of several claims does not "arise under" federal law, removal is still appropriate if that claim is transactionally related (i.e. "supplemental") to at least one substantial federal claim. *Zuniga v. Blue Cross & Blue Shield of Michigan* (6th Cir. 1995) 52 F.3d 1395, 1399. A single case exists in the constitutional sense wherever the state and federal claims arise from a "common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 725.

12. Here, all of Plaintiff's causes of action arise out of the same nucleus of operative facts, i.e., the purchase of the Subject Vehicle and its alleged warranties.

13. Supplemental jurisdiction under 28 U.S.C. § 1367 of the remaining causes of action is, accordingly, appropriate. *See Priebe v. Autobarn, Ltd* (7th Cir. 2001) 240 F.3d 584 (where federal jurisdiction existed under Magnuson-Moss, district court properly exercised supplemental jurisdiction over plaintiffs' remaining causes of action including a state fraudulent business practices claim and a common law fraud claim).

14. AHM is the only defendant in this matter.

15. This removal notice is timely filed as it is filed less than 30 days after service of the complaint. Therefore, removal is proper.

16. AHM filed its Answer in the State Court on September 4, 2019. *See* Hernandez Decl. at ¶ 4; Ex. C, State Court Answer.

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in AHM's possession are contained in Exhibits A, C, D, E, F, G filed herewith. (Hernandez Decl. ¶¶ 2, 4-8).

18. AHM will promptly notify Plaintiff and the Superior Court of this removal as required by 28 U.S.C. §1441(d).

DATED: September 18, 2020  BOWMAN AND BROOKE LLP

By   *s/Monica Y. Hernandez*
Michael J. Hurvitz
Monica Y. Hernandez
Attorneys for Defendant,
AMERICAN HONDA MOTOR CO., INC.

# PROOF OF SERVICE
F.R.C.P Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 B Street, Suite 2200, San Diego, California 92101.

On September 18, 2020, I served the foregoing document described as **DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1331 FEDERAL QUESTION JURISDICTION** on all interested parties in this action by enclosing ☒ **a true copy** ☐ the **original** of them in an envelope addressed as follows:

| | |
|---|---|
| Jon P. Jacobs, Esq. | **ATTORNEYS FOR PLAINTIFF** |
| Chad A. David | |
| Law Offices of Jon Jacobs | Tel: 916-663-6400 |
| One Ridgegate Dr., Suite 245 | Fax: 916-663-6500 |
| Temecula, CA 92590 | Email: chad@lemonbuyback.com |

☐ **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC SERVICE** (F.R.C.P. Rule 5(b)(2)):Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

Executed on September 18, 2020, at San Diego, California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

*Sheila Cavanaugh*
Sheila Cavanaugh

23151426v1

6

AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1331 FEDERAL QUESTION JURISDICTION