# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Imperial
08/19/2020 at 02:42:10 PM
By: Michelle Garcia, Deputy Clerk

Jon P. Jacobs (SBN 205245)
Chad A. David (SBN 327293)
**LAW OFFICES OF JON JACOBS**
One Ridgegate Dr., Suite 245
Temecula, CA 92590
Telephone: (916) 663-6400
Facsimile: (916) 663-6500
chad@lemonbuyback.com

Assigned for all purposes to
Judge L. Brooks Anderholt
including trial

Attorneys for Plaintiff
GENARO URIBE

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| GENARO URIBE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC. a California Corporation; and DOES 1 to 10, inclusive,<br><br>Defendants | Case No. ECU001519<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) Violation of the Song-Beverly Consumer Warranty Act - Breach of Express Warranty;<br><br>(2) Violation of the Song-Beverly Consumer Warranty Act - Breach of Implied Warranty;<br><br>(3) Violation of the Magnuson-Moss Warranty Act - Breach of Express Warranty<br><br>(4) Violation of the Magnuson-Moss Warranty Act - Breach of Implied Warranty<br><br>(5) Violation of Business and Professions Code § 17200<br><br>**UNLIMITED JURISDICTION - DAMAGES EXCEED $25,000** |

Plaintiff hereby alleges as follows:

### FACTS COMMON TO ALL COUNTS

1. Defendant AMERICAN HONDA MOTOR CO., INC. (hereinafter "HONDA") is a duly authorized California Corporation doing business in Imperial County, California.

2. Plaintiff does not know the true names of the defendants sued herein as Does One through Ten and sues said defendants pursuant to the provisions of California Code of

Imperial Superior Court Accepted through eDelivery submitted 08-19-2020 at 01:08:35 PM

CASE #:ECU001519 RECEIPT #: 1200819D3116 DATE PAID : 08/19/20 2:50 PM TOTAL : 435.00 TYPE : EFT

Civil Procedure § 474.

3. On or about January 27, 2018, plaintiff purchased a new 2018 Honda Accord (hereinafter "Vehicle") from Imperial Valley Honda in El Centro, California, VIN number 1HGCV2F373A011893. The Vehicle was manufactured and/or distributed, and warranted by HONDA.

4. In connection with the transaction, HONDA issued to plaintiff express warranties within the meaning of Cal. Civil Code § 1791.2, which were also written warranties within the meaning of 15 U.S.C. § 2301(6). By the terms of the express written warranties, defendant promised that the Vehicle's material and workmanship was defect free, undertook to preserve and maintain the utility and performance of the Vehicle, to provide compensation if there is a failure in utility or performance, and agreed to refund, repair, replace, or take other remedial action with respect to the Vehicle.

5. Subsequent to plaintiff's purchase, the Vehicle exhibited numerous defects and nonconformities covered by the warranties which substantially impair the use, value and safety of the motor vehicle to plaintiff including, but not limited to the following as summarized after visiting the servicing HONDA dealership:

| Problems | Date | Odo. | Days | RO # |
|---|---|---|---|---|
| A/C – C/S A/C stop blowing cold air after been in the border line for about 2 hours, had to keep turning on and off the A/C switch to make it work. A/C stop blowing old air after being in the border line for about 2 hours. Unable to verify customer concern vehicle's A/C performance is working okay at this time, performed A/C performance test and found vent temperatures at 50F within specifications. Inspected vehicles A/C components for signs of damage and look in good conditions A/C condenser looks a little clogged up and can cause poor A/C performance, recovered A/C system refrigerant and found. 330kg recovered lower than specifications, normal at .445kg, suspect A/C system may have a leak. Recharged system to normal. .445kg and installed A/C dye to help check for any leaks present, it is recommend to bring back vehicle | 06/10/19 | 27,455 | 2 | 119815HO |

| | | | | |
|---|---|---|---|---|
| another time to inspect for A/C dye present at source of leak, A/C performance is okay at this time cold air out the vents.<br><br>**Door Seal** – VERIFIED – C/S front driver door seal is coming apart. Front driver door seal is coming apart verified customer concern found drivers door inner weather strip seal coming off. Inspected seal for physical damage and it is found to be okay at this time. Re positioned seal back in place correctly.<br><br>**Warning Light** – C/S the warning light when doors are open, is not working/advise Not able to duplicate customer concern at this time. Warning lights for all doors when open are working properly displaying on dash including trunk warning light, other warning lights are also on at this time such as TPMS and maintenance light, having multiple warning lights at the same time may cause door. | | | | |
| A/C – *2nd Repair Attempt* – VERIFIED – When waiting at the border wait line, A/C stops blowing cold air/idling, starts working fine after crossing the border and start driving vehicle. Verified customers concern during inspection found that vehicle would not cool after extended periods of idling and in direct sunlight. During inspection found that condenser was clogged with dirt not allowing sufficient air flow. Also found that cabin air filter was clogged with dirt also not allowing air flow to evaporator. Removed front bumper cover to clean condenser with degreaser and pressure washer. Installed front bumper cover after cleaning and left vehicle in direct sunlight for approximately 3 hours at idle with and outside ambient air temperature of 105 degrees F and inside vent average temperature did not rise more than 62 degrees F. indicating that condenser cleaning is now allowing sufficient airflow and A/C system is operating as designed now. | 06/19/2020 | 45,057 | 1 | 133783HO |

Uribe v. Honda            - 3 -            COMPLAINT FOR DAMAGES

6. Plaintiff has suffered through an ongoing and reoccurring problem with the air conditioning in the Vehicle. Defendant HONDA inspected the Vehicle for the issues as summarized in Paragraph 5. Defendant failed to properly inspect the Vehicle and failed to properly diagnose the severe issues plaguing the Vehicle.

7. Defendant HONDA is well aware of the chronic issues with the air conditioning that have plagued this Vehicle.

8. Plaintiff delivered the nonconforming Vehicle to HONDA's authorized repair facilities for repairs pursuant to the terms of the warranties. It is clear that HONDA is unable to fix, remedy and/or repair the Vehicle to conform to the warranty. The multiple failed inspection and repair attempts have proven willfully unsuccessful in resolving the issues.

9. Defendant has further failed to repair or replace the Vehicle, or provide restitution.

## FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Consumer Warranty Act - Breach of Express Warranty**

<u>Against All Defendants</u>

10. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs.

11. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1791(b).

12. The Vehicle is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

13. HONDA is a "warrantor" as contemplated by Cal. Civ. Code § 1795.

14. HONDA is a "service contract seller" and/or "service contractor" and/or "service contract administrator" as defined respectively in Cal. Civ. Code § 1791(q), (r), and (p).

15. Plaintiff's purchase of the Vehicle was a "sale" as defined by Cal. Civ. Code § 1791(n).

16. HONDA violated the Song-Beverly Act by failing to conform the Vehicle to the express written warranties within a reasonable number of repair attempts or within the warranty periods and by failing to properly replace the Vehicle or make restitution to the plaintiff.

17. The above-described defects, malfunctions, and nonconformities substantially impair the use, value and safety of the Vehicle.

18. Plaintiff has not made unreasonable or unintended use of the Vehicle.

19. Pursuant to Cal. Civ. Code § 1793.2(d), HONDA must refund the price of the Vehicle to plaintiff.
20. Pursuant to Cal. Civ. Code § 1794(a), plaintiff is entitled to restitution.
21. As a direct and proximate result of said violations of the Song-Beverly Act, plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $42,000 according to proof.
22. The failure of HONDA to comply with the Song-Beverly Act was willful in that HONDA had actual knowledge of the Vehicle's defects and malfunctions, knew of its legal duties under the warranty and the law, but repeatedly refused to make necessary repairs and/or provide a refund.
23. Pursuant to Cal. Civ. Code § 1794(c), plaintiff is entitled to a civil penalty of two times the amount of his actual damages.
24. Pursuant to Cal. Civ. Code § 1794(d), plaintiff is entitled to reasonable attorney fees according to proof.

## SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Consumer Warranty Act - Breach of Implied Warranty**

**Against All Defendants**

25. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs.
26. Pursuant to Cal. Civ. Code § 1792, the Vehicle was accompanied by the manufacturer's and retail seller's implied warranty of merchantability.
27. Pursuant to Cal. Civ. Code § 1793, and because of the existence of the express warranty, defendant may not disclaim, limit, or modify the implied warranty provided by the Song-Beverly Act.
28. Defendant breached the implied warranty of merchantability of Civil Code §§ 1791.1 and 1792 in that the above-described defects, malfunctions, and nonconformities render the Vehicle unfit for the ordinary purposes for which it is used and it would not pass without objection in the trade.
29. Pursuant to Civil Code § 1794(a), plaintiff is entitled to restitution.

30. As a direct and proximate result of said violations of the Song-Beverly Act, plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $42,000 according to proof.

31. Pursuant to Cal. Civ. Code § 1794(d), plaintiff is entitled to reasonable attorney fees according to proof.

## THIRD CAUSE OF ACTION

### Violation of the Magnuson-Moss Warranty Act - Breach of Express Warranty

### Against All Defendants

32. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs.

33. The Vehicle is a "consumer product" as defined by 15 U.S.C. § 2301(1).

34. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3).

35. HONDA is a "supplier" and a "warrantor" as defined respectively by 15 U.S.C. § 2301(4) and (5).

36. The express written warranties are "written warranties" as defined by 15 U.S.C. § 2301(6).

37. HONDA violated the Magnuson-Moss Warranty Act by failing to conform the Vehicle to the express warranties within a reasonable number of attempts, a reasonable amount of time, or within the warranty periods. Defendant failed to cure its failure to comply with the Magnuson-Moss Warranty Act.

38. Prior to commencing this action, plaintiff afforded HONDA reasonable opportunities to cure the failures and to comply with the Magnuson-Moss Warranty Act.

39. Pursuant to 15 U.S.C. § 2310(d)(1), plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance of the Vehicle and rescinds the contract. Plaintiff is entitled to restitution of all consideration given.

40. As a direct and proximate result of said violations of the Magnuson-Moss Warranty Act, plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $42,000 according to proof.

41. Pursuant to 15 U.S.C. § 2310(d)(2), plaintiff is entitled to attorney fees and expenses

Uribe v. Honda      - 6 -      COMPLAINT FOR DAMAGES

reasonably incurred in connection with this action.

## FOURTH CAUSE OF ACTION

### Violation of the Magnuson-Moss Warranty Act - Breach of Implied Warranty

### Against All Defendants

42. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs.

43. Pursuant to 15 U.S.C. § 2301(7), the breaches by defendant of the state-law implied warranty of merchantability as set forth above also constitute breaches of implied warranties pursuant to the Magnuson-Moss Warranty Act.

44. Pursuant to 15 U.S.C. § 2301(d)(1), and because of said breaches of implied warranties, plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance, rescinds the contract, and claims full restitution.

45. As a direct and proximate result of said violations of the Magnuson-Moss Warranty Act, plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $42,000 according to proof.

46. Pursuant to 15 U.S.C. § 2310(d)(2), plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

## FIFTH CAUSE OF ACTION

### Violation of Business and Professions Code § 17200

### Against All Defendants

47. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs.

48. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act and unfair, deceptive, untrue of misleading advertising."

49. Defendant's acts, omissions, misrepresentations, practices, and non-disclosures constitute unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business and Professions Code § 17200, *et seq.*

50. Defendant has violated the fraudulent prong of section 17200 because the misrepresentations and omissions regarding the safety and reliability of its vehicles as

Uribe v. Honda                                    - 7 -                             COMPLAINT FOR DAMAGES

set forth in this Complaint were likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

51. Defendant has violated the unfair prong of section 17200 because the acts and practices set forth in the Complaint, including the manufacture and sale of vehicles with similar defects, and defendant's failure to adequately investigate, disclose and remedy, offend established public policy, and because the harm they cause to consumers greatly outweighs any benefits associated with those practices.

52. Defendant's conduct has also impaired competition within the automotive vehicles market and has prevented plaintiff from making fully informed decisions about whether to purchase or lease defective vehicles and/or the price to be paid to purchase or lease defective vehicles.

53. Plaintiff has suffered an injury in fact, including the loss of money or property, as a result of defendant's unfair, unlawful and/or deceptive practices. As set forth in the allegations concerning plaintiff, in purchasing the Vehicle, plaintiff relied on the misrepresentations and/or omissions of defendant with respect of the safety and reliability of the Vehicles. Had plaintiff known of the defects, plaintiff would not have purchased the Vehicle and/or paid as much for it.

54. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated in the State of California.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment as follows:

1. That the contract be adjudged rescinded.
2. For restitution.
3. For incidental and consequential damages.
4. For actual and statutory damages.
5. For prejudgment interest.

6. For reasonable attorney's fees according to proof.
7. For costs and expenses incurred herein.
8. For a civil penalty of two times plaintiff's actual damages.
9. An order requiring defendant to account for all monies that they have received as a result of the acts and practices found to constitute unfair competition pursuant to *Cal. Bus. & Prof. Code §§ 17200 et.seq.;*
10. An order requiring defendant to abstain from any further acts and practices found to constitute unfair competition pursuant to *Cal. Bus. & Prof. Code §§17200-et. seq.;*
11. Such other relief as the court deems proper.

Dated: August 14, 2020               LAW OFFICES OF JON JACOBS

By: _____
Jon P. Jacobs
Chad A. David
Attorneys for Plaintiff
Genaro Uribe

Uribe v. Honda                         - 9 -                    COMPLAINT FOR DAMAGES